FILED

**NOT FOR PUBLICATION**

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR RAFAEL GUTIERREZ, AKA Hector Rafael Gutierrez Montoya, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No.   15-71485 Agency No. A200-370-217 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Hector Rafael Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") order denying a continuance and entering an order of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a continuance and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion or violate due process by denying Gutierrez' motion for a continuance to seek post-conviction relief for failure to establish good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause). Gutierrez' conviction was final for immigration purposes, the possibility of post-conviction relief was speculative at the time of his last hearing, and he failed to submit any evidence with his appeal or after that his conviction had been vacated. *See Sandoval-Luna*, 526 F.3d at 1247 (the denial of a continuance was within the agency's discretion where relief was not immediately available to petitioner); *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice). Gutierrez' contention that the IJ denied the continuance based solely on case completion goals is belied by the record.

The record does not support Gutierrez' contention that the agency failed to address his arguments or failed to provide sufficient reasoning and analysis. *See*

*Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the agency must

"consider the issues raised, and announce its decision in terms sufficient to enable

a reviewing court to perceive that it has heard and thought and not merely reacted"

(citation and quotation marks omitted)).

**PETITION FOR REVIEW DENIED.**